UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| NORTHPORT PUBLIC SCHOOL, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:11-cv-982 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| GERALD WOODS, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | |

This is a civil action brought by the Northport School District against the parents of a twelve-year-old special education student, T.W., and their attorney. The School District sues under the Individuals With Disabilities Education Act ("IDEA"), seeking to overturn the decision of an administrative law judge, rendered on June 16, 2011, regarding an individualized plan for T.W.'s education in the Northport Schools. The School District also seeks a monetary award against the parents and their counsel for conduct that occurred during the course of administrative proceedings.

Plaintiffs initiated this case by filing a complaint on September 14, 2011. The Civil Cover Sheet (docket # 1-3) submitted by the School District with its complaint indicated that this case is related to *Woods v. Northport Public Schools*, No. 1:09-cv-243, a case pending before District Judge Janet Neff, involving the same parties and also arising under the IDEA. The matter was referred to me for a determination whether the cases were related within the meaning of Local Civil Rule 3.3.1(d). I found that the new case was related to the previously pending case because it "arises out of the same transaction or occurrence and involves one or more of the same parties" as the earlier

numbered case. (Memorandum, docket # 4). That finding required assignment of the present case to Judge Neff. W.D. MICH. L. CIV. R. 3.3.1(d)(iii)(B). Defendants have now moved for reassignment of the case by random draw. (docket # 21). Defendants argue that the two cases do not arise from the same transaction or occurrence and that the finding of related case status was "clearly erroneous." Judge Neff has referred this matter to me for decision under 28 U.S.C. § 636(b)(1)(A), as a nondispositive pretrial matter.

The Local Civil Rules of this Court establish a random-draw policy for the assignment of cases, based on the obvious considerations in favor of institutional integrity and against judge-shopping. W.D. MICH. L. CIV. R. 3.3.1(c). The related case rule is a narrow exception to the random-draw policy, based on equally obvious considerations of judicial economy. If a case is already pending before a district judge involving the same parties and the same or similar factual predicate, it makes little sense to reeducate another judge concerning the details of the dispute. Furthermore, assignment of a closely related case to a different judge raises the possibility of inconsistent rulings, or, just as likely, may involve the second judge in interpreting or enforcing the orders of the first judge. These practical considerations underpin the Court's related-case rule, which requires automatic assignment of a related case to the judge presiding over the earlier-numbered case, in three circumstances, including when the cases arise from the same transaction or occurrence and involve one or more of the same parties. W.D. MICH. L. CIV. R. 3.3.1(d)(iii)(A).

The related-case determination is purposely set up to work as an internal process. The only input from any party that is contemplated is the answer to the short question on the Civil Cover Sheet asking plaintiff's counsel (or defense counsel in the case of removal) about the existence of a related case. This serves to alert the Clerk to the possibility of a related case, so the question can

be put to a magistrate judge, obviously at a stage where the parties have no input. Even if the Cover Sheet question is not answered by counsel, the Clerk may identify the case as possibly related on her own accord. If the possible related case is noticed after assignment, the question goes to the Chief Judge. W.D. MICH. L. CIV. R. 3.3.1(d)(iii)(B). The magistrate judge or the Chief Judge, as the case may be, makes the decision on the basis of a review of the files, without input or argument from any party. The decision is plainly administrative, and not adversarial, in nature.

The assignment rule provides that it is "intended to provide for an orderly division of the business of the Court and not to grant any right to any litigant." W.D. MICH. LCIVR 3.3.1(f). As a result, there is no provision for party input or for motions to reconsider what was done by the magistrate judge or the Chief Judge. There is no authority by which a litigant can seek relief from the assignment decision. The decision is an internal one, based on concepts of judicial economy, and it deprives no one of a substantive right. No litigant has any right to a particular judge.

An understanding of the structure and policies of the local rule on case assignment demonstrates that defendants' request for reassignment is out of order. No authority exists in the rules, or elsewhere, authorizing the filing of such a request. Such motions seek to change an internal, administrative decision into an adversarial proceeding, addressed to the unseemly issue of the identity of the judge to whom the case is assigned. A motion to recuse a judge is one thing, but a request for reassignment, untethered to any questions of bias or disqualification, raises the specter of judge-shopping, a vice that the rules were designed to avoid. It is irrelevant that one party or another disagrees with the internal decision that two cases are related to the extent that practical considerations suggest assignment to a single judge. Simply put, the related-case decision is an

administrative one that is not subject to review and does not involve the procedural or substantive rights of any party.

Defendants' motion for random assignment (docket # 21) will therefore be denied.


Dated: January 31, 2012          /s/ Joseph G. Scoville
                                                     United States Magistrate Judge