UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTHPORT PUBLIC SCHOOL and
NORTHPORT PUBLIC SCHOOL
BOARD OF EDUCATION,

    Plaintiffs,

v

GERALD WOODS and PATRICIA
WOODS, on their own behalf and on
behalf of their minor child, T.W.,

    Defendants.

_____/

Case No. 1:11-cv-982

HON. JANET T. NEFF

## OPINION

Two motions to dismiss are pending in this continuing litigation under the Individuals with Disabilities Education Act (IDEA[1]), 20 U.S.C. § 1400 *et seq.*, between Defendants Gerald and Patricia Woods (hereinafter collectively "the Woods") and Plaintiffs Northport Public School and Northport Public School Board of Education (hereinafter collectively "Northport"), the school district where the Woods' son, T.W., has been intermittently enrolled.[2]  The Woods move to dismiss the two counts in which they are named in Northport's First Amended Complaint.  Attorney John

---

[1] In 2004, Congress enacted the Individuals with Disabilities Education Improvement Act (IDEIA) to "reauthorize" the IDEA.  *See* Pub. L. No. 108–446, 118 Stat. 2647 (Dec. 3, 2004), effective July 1, 2005.  Consistent with the amended act itself, which continues to state that it may be cited as the "Individuals with Disabilities Education Act," 20 U.S.C. § 1400(a), and the statutory references in the parties' motion papers, the references herein will be to the IDEA, as amended.

[2] The prior cases between these parties in this Court are *Gerald & Patricia Woods v. Northport Public Schools, et al.*, No. 1:09-cv-243, *aff'd in part & vacated in part*, 487 F. App'x 968 (6th Cir. 2012); and *Gerald & Patricia Woods v. Northport Public School, et al.*, 1:09-cv-855.

F. Brower, who previously represented the Woods in this action, moves to dismiss the three counts in which he is named. For the reasons that follow, the Woods' Motion to Dismiss (Dkt 119) and Attorney Brower's Motion to Dismiss (Dkt 123) are granted in part and denied in part.

## I. BACKGROUND

Few facts are necessary for resolving the motions at bar. T.W., the son born to the Woods on September 30, 1998, was diagnosed with autism spectrum disorder and cerebral palsy, disabilities that qualify him for special education and related services under the IDEA, a Spending Clause statute that seeks to ensure that "all children with disabilities have available to them a free appropriate public education" (FAPE), 20 U.S.C. § 1400(d)(1)(A). "[T]he core of the statute ... is the cooperative process that it establishes between parents and schools," and the "central vehicle for this collaboration is the [Individualized Education Program] IEP process." *Schaffer ex rel. Schaffer v. Weast,* 546 U.S. 49, 53 (2005).

In May 2010, the Woods filed a due process complaint, requesting a hearing in the Michigan Administrative Hearing System (MAHS), challenging the June 2008 IEP and alleging that T.W. had not been afforded a FAPE because Northport refused to create an IEP for summers 2009 and 2010 and the 2009-10 and 2010-11 school years. An administrative law judge (ALJ) was appointed to conduct a hearing in accordance with the IDEA, 20 U.S.C. § 1401 *et seq.*; MICH. COMP. LAWS § 380.1701 *et seq.*; and Michigan's administrative rules. *See* MICH. ADMIN. CODE R. 340.1724f(6).

On June 16, 2011, the ALJ issued a Decision and Order, denying in part and granting in part the Woods' due process complaint. Specifically, the ALJ reached the following four conclusions: (1) the June 2008 IEP afforded T.W. a FAPE, and as such, the Woods were not entitled to a remedy

on this issue; (2) Northport's evaluations were "appropriate" and the Woods were "not entitled to be reimbursed for an [Independent Educational Evaluation] not obtained"; (3) Northport's failure to create an IEP for summer 2009 and school year 2009-10, up until February 2, 2010, was not a denial of a FAPE; and (4) Northport's failure to create an IEP effective from February 2, 2010 until September 10, 2010, excluding June, July and August of that year, deprived T.W. of a FAPE, but no reimbursement of the Woods' expenses was ordered, "as the private placement was not found to be appropriate" (Dkt 1-1, Compl., Ex. 1 at 112).

Northport initiated this action on September 14, 2011 with the filing of its Complaint for Declaratory, Monetary and Equitable Relief (Dkt 1). On January 24, 2012, the Woods filed an Answer, Affirmative Defenses, and a Counterclaim Complaint for Declaratory, Equitable and Monetary Relief (Dkt 23). Northport moved to dismiss the Woods' Counterclaim (Dkt 71), a motion this Court granted on February 4, 2013, agreeing that the Court did not possess jurisdiction over the subject matter of the Woods' Counterclaim (Op. & Order, Dkts 76 & 77).

Northport subsequently filed a First Amended Complaint for Declaratory, Monetary and Equitable Relief, presenting the following four claims:

I. Appeal of the ALJ Decision under § 1415 of IDEA;

II. Claim for Reimbursement of Reasonable Attorney's Fees, Costs and Pre and Post Judgment Interest against John F. Brower Individually and in his Official Capacity with the Law Office of John F. Brower, PLC under 20 U.S.C. § 1415(i)(3)(B)(II);

III. Claim for Reimbursement of Reasonable Attorney's Fees, Costs and Pre and Post Judgment Interest against Parents under 20 U.S.C. § 1415(i)(3)(B)(III); and

IV. Claim for Reimbursement of Reasonable Attorney's Fees, Costs and Pre and Post Judgment Interest against John F. Brower, Individually and in his

>    Official Capacity with the Law Office of John F. Brower, PLC under 20
>    U.S.C. § 1415(i)(3)(B)(III)

(Dkt 86).

The Woods and Attorney Brower requested a Pre-Motion Conference, proposing to file motions to dismiss (Dkts 87-88). This Court conducted a Pre-Motion Conference on April 19, 2013, at which time counsel for both parties informed the Court of their willingness to engage in good faith settlement negotiations with the Magistrate Judge before briefing their motions (Order, Dkt 95). The Magistrate Judge conducted an Early Settlement Conference on June 12, 2013 and July 25, 2013 (Minutes, Dkts 103 & 108). The case did not settle, and the Woods subsequently substituted new counsel in place of Attorney Brower (Order, Dkt 109).

In October 2013, the parties filed their motion papers. The Woods filed a motion to dismiss Counts I and III against them (Dkt 119), to which Northport filed a response in opposition (Dkt 122) and the Woods filed a Reply (Dkt 121). Attorney Brower filed a motion to dismiss Counts I, II and IV against him (Dkt 123), to which Northport filed a response in opposition (Dkt 126) and Attorney Brower filed a Reply (Dkt 125). Having conducted a Pre-Motion Conference on this matter and having fully considered the parties' written briefs and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCivR 7.2(d).

## II. ANALYSIS

### A. Motion Standard

The motions to dismiss were filed under Federal Rule of Civil Procedure 12(b)(6), which permits dismissal for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint will survive a motion to dismiss if the plaintiff alleges facts that "state a claim to relief that is plausible on its face" and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (retiring the "no set of facts" formulation). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556) (clarifying that its decision in *Twombly* expounded the pleading standard for "all civil actions"). Making a determination of plausibility "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6), the court must treat all well-pleaded allegations in the complaint as true and draw all reasonable inferences from those allegations in favor of the nonmoving party. *Children's Ctr. for Dev. Enrichment v. Machle*, 612 F.3d 518, 521-22 (6th Cir. 2010). However, the court "need not accept as true legal conclusions or unwarranted factual inferences" set forth in a complaint. *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003) (quoting *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). When, as here, a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment. *See, e.g., Children's Ctr. for Dev. Enrichment v. Machle*, No. 2:08-cv-817, 2009 WL 585817, at *2 n.2 (S.D. Ohio Mar. 6, 2009), aff'd 612 F.3d 518 (6th Cir. 2010).

**B. Discussion**

Northport's First Amended Complaint can be properly divided into two parts: (1) Count I, the Appeal of the ALJ decision, from which Northport seeks equitable relief, to wit: the review and release of the documents; and (2) Counts II through IV, the claims for attorney fees and costs, from which Northport seeks declaratory and monetary relief. *See generally King ex rel. King v. Floyd Cnty. Bd. of Educ.*, 228 F.3d 622, 625-26 (6th Cir. 2000) (describing fee claims as "ancillary" to an underlying education dispute). The Court will examine the arguments for dismissal of each count, in turn.

**1.   Count I:** *Appeal of the ALJ Decision*

In Count I of Northport's initial Complaint filed September 14, 2011, Northport sought this Court's review of five rulings by the ALJ: (1) the ALJ's exercise of jurisdiction over a "moot IEP;" (2) the ALJ's *in camera* review of certain documents responsive to Northport's subpoena and decision to deny Northport "access to documents that are believed to show active collusion and planning on the part of the Parents and John F. Brower ... in needlessly delaying and prolonging the IEP process and the administrative hearing;" (3) the ALJ's determination that Northport conduct an IEP meeting prior to T.W.'s reenrollment; (4) the ALJ's "failure to recognize and defer" to recommendations made by others in the case; and (5) the ALJ's purported usurpation of the IEP team in her math and language instruction (Dkt 1, Compl. ¶ 37).

In their February 27, 2013 First Amended Complaint, Northport retained only the second of the five challenges in Count I. Count I ("Appeal of the ALJ Decision Under § 1415 of IDEA"), in its entirety, now alleges the following:

> 35.   During the hearing, ALJ Harris conducted an *in camera* review of certain documents responsive to a subpoena issued on behalf of the District that the

> Parents alleged were privileged. Following the *in camera* review, the ALJ misapplied the law and denied the District access to documents that are believed to show active collusion and planning on the part of the Parents and John F. Brower, individually and in his official capacity with The Law Office of John F. Brower, PLC in needlessly delaying and prolonging the IEP process and the administrative hearing.

(Dkt 86, First Amend. Compl.). The relief Northport seeks is for this Court to "[u]ndertake an *in camera* review of the material submitted to ALJ Harris to determine whether the documents submitted are subject to privilege and, to the extent that they are not so protected, release those documents to Counsel for the District" (*id.* at 16).

Attorney Brower points out that Northport no longer seeks review "from any of the substance of the ALJ's decision" and that Northport's Count I asks this Court to review a discovery issue that Northport does not claim affected the ultimate decision below (Dkt 124 at 13). Brower argues that Northport therefore fails to state a cause of action under IDEA in Count I because Northport does not claim, and cannot claim, "aggrieved party" status as required under 20 U.S.C. § 1415(i)(2)(A) (*id.*). The Woods set forth a similar argument in their motion to dismiss Count I, asserting that "[t]he due process hearing is over and there is no need for Northport to have possession of the subpoenaed documents. Further, Northport is not appealing any other portions of the Decision and Order so the issue is moot" (Dkt 120 at 23).

Pointing out that it could not have appealed from the ALJ's discovery ruling before a final order was issued in this case, Northport responds that Count I satisfies the requirements for an aggrieved party pleading for review of a pretrial order, thus supporting denial of the motions to dismiss Count I (Dkt 126 at 9-10). Northport contends that the factual allegations, and the reasonable inferences therefrom, clearly state a facially plausible claim for review of the ALJ's relevancy ruling about the documents she reviewed *in camera* (Dkt 122 at 6, 11-12).

7

Northport's Count I will be dismissed, for the following reasons.

The procedural safeguards delineated in § 1415 include "an opportunity for an impartial due process hearing," 20 U.S.C. § 1415(f)(1)(A), and afford any party to the hearing "the right to present evidence," § 1415(h)(2). *See also* MICH. ADMIN. CODE R. 340.1724f. The IDEA provides that "[a] decision made in a hearing conducted pursuant to subsection (f) ... shall be final, except that any party involved in such hearing may appeal such decision under the provisions of ... paragraph (2)." 20 U.S.C. § 1415(i)(1)(A). Paragraph (2) provides that "[a]ny party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A).

Here, during the hearing, Northport issued subpoenas to gather evidence to prove that the movants improperly colluded and actively obstructed the IEP process (Dkt 122 at 6). The ALJ conducted an *in camera* review of the documents provided in response to Northport's subpoenas, documents that the Woods alleged were privileged and that Northport alleged would demonstrate active collusion and planning on the part of the Woods and Brower to needlessly delay and prolong the IEP process and the administrative hearing. Following the *in camera* review, the ALJ denied Northport access to the documents, although the ALJ ultimately found that Gerald Woods and the Woods' advocate "did needlessly delay, impede and obstruct the IEPT meetings." The ALJ subsequently issued a final order, from which Northport filed this appeal in Count I.

As a threshold matter, the Sixth Circuit Court of Appeals has held that 20 U.S.C. § 1415(i)(2)(A) does not authorize "the bringing of an action by the side that prevailed in the

administrative proceeding." *King*, 228 F.3d at 625. As acknowledged on the record at the Pre-Motion Conference in this matter, the movants do not dispute that Northport is the "prevailing party" in the underlying educational dispute (4/19/2013 Premotion Conf. Tr., Dkt 102 at 13). Northport's dissatisfaction with the ALJ's discovery ruling would not ameliorate prevailing-party status. Northport is not "aggrieved" by the ALJ's findings and decision in the underlying educational dispute. Northport is "aggrieved" only in the sense that the IDEA authorizes Northport to come to district court to seek reasonable attorney fees. *See King*, 228 F.3d at 625 (reasoning that the 1986 fee award amendment to the IDEA "had the effect of making [a party] who prevailed in the administrative proceedings with the assistance of counsel an 'aggrieved' party, for purposes of 20 U.S.C. § 1415(i)(2), insofar as there was no award of attorney fees").

Furthermore, Northport's dissatisfaction with the ALJ's discovery ruling is not a challenge made "with respect to the complaint presented pursuant to [20 U.S.C. § 1415(i)(2)(A)]," i.e., a complaint involving any matter "relating to the identification, evaluation, or educational placement of the [disabled] child," 20 U.S.C. § 1415(b)(6)(A). *Cf. Traverse Bay Area Intermed. Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 629 (6th Cir. 2010) (holding that "[a] local educational agency has the right to challenge a provision of a disabled child's IEP, including its right to appeal an unfavorable state agency administrative decision, but only if that decision directly involves a disabled child's right to a FAPE"). Indeed, it is telling that although Northport titles Count I as an "Appeal of the ALJ Decision Under § 1415 of IDEA," Northport does not expressly request this Court's review of the ALJ's discovery ruling or a declaration of error, but merely a review and release of the documents.

9

In sum, Northport fails to state a proper claim for relief under the IDEA in Count I where 20 U.S.C. § 1415(i)(2)(A) does not authorize the bringing of an action by the side that prevailed in the administrative proceeding, and where, in any event, Count I does not state a challenge to the decision directly involving T.W.'s right to a FAPE. Both the Woods and Attorney Brower are therefore entitled to dismissal of Northport's Count I.

**2.     Counts II–IV:** *Attorney Fees and Costs*

In contrast to the manner in which Count I was pleaded, Northport has properly invoked the IDEA's fee-shifting provision, 20 U.S.C. § 1415(i)(3)(B)(*i*), as the statutory basis for requesting this Court award their attorney fees and costs. *See Machle*, 612 F.3d at 521 (acknowledging that the Act "authorizes an award of attorney's fees for parents who successfully bring claims under the [Act] as well as for successful state or local educational agencies when the parents' claims were frivolous or unreasonable"); *King*, 228 F.3d at 626-27 ("Congress has authorized the courts to award attorney fees in administrative proceedings where there is typically no authority at all for fee applications to be entertained at the administrative level."). Indeed, the Sixth Circuit in IDEA lawsuits has repeatedly "require[d]" district courts to award attorney fees to a prevailing party where no special circumstances militated against such an award. *Keene v. Zelman*, 337 F. App'x 553, 557 (6th Cir. 2009) (quoting *Tompkins ex rel. A.T. v. Troy Sch. Dist.*, 199 F. App'x 463, 466 (6th Cir. 2006) (quoting *Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004)).

The movants do not challenge this Court's assumption of jurisdiction over the claims in Counts II through IV, nor do the movants challenge Northport's prevailing-party status, which is the threshold inquiry in the attorney-fee analysis. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (defining prevailing party); *Tompkins,* 199 F. App'x at 466. The movants challenge whether

Northport has alleged facts that state plausible claims for attorney fees and costs. For the following reasons, the Court agrees with Northport that the allegations in Counts II through IV state plausible claims for relief.

    a.    *Attorney Fees and Costs from Brower under Subparagraph II*

In Count II of the First Amended Complaint, Northport seeks attorney fees and costs from Attorney Brower under 20 U.S.C. § 1415(i)(3)(B)(*i*), which provides, in pertinent part, that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs—(II) to prevailing party who is a . . . local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation."

Northport references in support of Count II the ALJ's findings that Northport's evaluations of T.W. were "appropriate" and that the Woods were not entitled to be reimbursed for an Independent Educational Evaluation (IEE) not obtained (Dkt 86, First Amend. Compl. ¶¶ 36-37). Northport alleges that the Woods' "inability or unwillingness to present any evidence regarding the IEE during the fifteen day hearing while simultaneously refusing to withdraw their request for an IEE at public expense caused the issue to become patently frivolous, unreasonable, or without foundation" (*id.* ¶ 38). Northport further alleges that "[a]s a result of the Parents' continuation of the complaint when it was patently frivolous, unreasonable or without foundation, the Northport Public School and the Northport Public School Board of Education are entitled to full reimbursement of their reasonable attorney's fees and costs against the Parents' attorney, John F.

Brower, individually and in his official capacity with The Law Office of John F. Brower, PLC. 20 U.S.C. § 1415(i)(3)(B)(II)" (*id.* ¶ 39).

Attorney Brower argues that Count II fails to allege facts showing that the Woods' May 2010 due process complaint was frivolous, unreasonable, or without foundation—or clearly became frivolous, unreasonable or without foundation—and therefore Count II fails as analyzed under *Iqbal/Twombly* (Dkt 124 at 14). Brower emphasizes that the Woods' request for an IEE at public expense is not a "complaint" within the meaning of 20 U.S.C. § 1415(i)(3)(B)(II) (*id.* at 15).

Northport responds that based on the facts pleaded, the elements required for pleading prevailing-party status are satisfied and Count II contains sufficient factual allegations to put Attorney Brower on notice that Northport is seeking reimbursement from him for Northport's attorney fees and costs (Dkt 126 at 12). Northport asserts that this Court should decline Brower's invitation to engage in an inappropriate and premature analysis under FED. R. CIV. P. 56, the summary judgment rule (*id.* at 13).

Brower's arguments do not support dismissal. The due process complaint Attorney Brower filed on the Woods' behalf initiated the administrative proceedings and, as explained *supra,* concomitantly unlocked the door for the party that prevailed in the administrative proceeding to seek attorney fees from the district court. The Woods alleged in their complaint that T.W. had not been afforded a FAPE because Northport refused to create an IEP for summers 2009 and 2010 and the 2009-10 and 2010-11 school years. The ALJ's findings and decision, including her assessment of the Woods' request for an IEE at public expense, if accepted as true, are relevant to demonstrating the frivolousness, unreasonableness, or lack of foundation of the Woods' claims, either as the Woods initially stated the claims or as the claims developed (or degenerated) during the hearing.

That Northport's allegations highlight the Woods' IEE request, in particular, as frivolous, unreasonable or groundless does not compel dismissal of Count II under FED. R. CIV. P. 12(b)(6). *See Fox v. Vice*, ___ U.S. ___; 131 S. Ct. 2205, 2214 (2011) (holding that 42 U.S.C. § 1988 authorizes a court to award a reasonable attorney fee to a prevailing defendant where the plaintiff asserted both frivolous and non-frivolous claims); *cf. Krichinsky v. Knox Cnty. Schs.*, 963 F.2d 847, 849-50 (6th Cir. 1992) (the IDEA's fee-shifting provision is interpreted by analogy to 42 U.S.C. § 1988, the attorney fee provision for civil rights actions). *See, e.g., Sagan v. Sumner Cnty. Bd. of Educ.*, 501 F. App'x 537, 541 (6th Cir. 2012) (citing *Fox*, 131 S. Ct. at 2214, and shifting attorney fees under the IDEA where the parents should have known, either from the outset or as they completed discovery, that at least some of their claims lacked a basic factual foundation).

Rather, treating as true all well-pleaded allegations in Count II of Northport's First Amended Complaint, and drawing all reasonable inferences from those allegations in favor of Northport, the Court determines that Northport has presented enough facts to state a plausible claim for attorney fees from Attorney Brower under 20 U.S.C. § 1415(i)(3)(B)(*i*)(II). Accordingly, Attorney Brower is not entitled to dismissal of Count II against him.

      b.    *Attorney Fees and Costs from the Woods under Subparagraph III*

In Count III of the First Amended Complaint, Northport seeks attorney fees and costs from the Woods under 20 U.S.C. § 1415(i)(3)(B)(*i*), which provides, in pertinent part, that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . (III) to a . . . local educational agency . . . against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation."

In Count III, Northport references the ALJ's findings that the conduct of Gerald Woods and the Woods' advocate at the November 16 and December 2, 2010 IEP Team (IEPT) meetings was "unreasonable, reprehensible and obstructive," that Gerald Woods and the Woods' advocate "simply did not wish to give [Northport] an avenue for ending any potential liability for private placement" (Dkt 86, First Amend. Compl. ¶¶ 42, 45). Northport also quotes the ALJ's conclusion that Gerald Woods and the Woods' advocate "were determined that no IEP would result from the IEPT meeting" and "did needlessly delay, impede and obstruct the IEPT meetings" (*id.* ¶¶ 43-44). Specifically, Northport alleges the following:

> 46.  The Parents, by obstructing the completion of the IEP, prevented the District from presenting a completed IEP to the ALJ. In doing so, the Parents actively sought to deny the District a defense to their allegation that the District should have completed an IEP. As a result, the Parents caused unnecessary delay in the hearing and needlessly increased the cost of litigation.
>
> 47.  As a result of the Parents' deliberate and reprehensible conduct, the Northport Public School and the Northport Public School Board of Education are entitled to full reimbursement of their reasonable attorney's fees and costs. 20 U.S.C. § 1415(i)(3)(B)(III).

(Dkt 86, First Amend. Compl.)

Like Attorney Brower, the Woods do not contend that Northport's allegations against them fail to state a claim because Northport is not the prevailing party; rather, the Woods argue that Count III of Northport's First Amended Complaint fails to plead a factual basis to support a claim for attorney fees (Dkt 120 at 15). Specifically, the Woods argue that Northport has failed to demonstrate that they filed a due process complaint for an improper purpose (*id.* at 17). The Woods argue that their alleged behavior at the November and December 2010 IEP meetings is irrelevant

to any awarding or shifting of attorney fees because the meetings were not the subject of the due process hearing complaint, filed six months earlier (*id.* at 18-20).

Northport responds that based on the facts pleaded, the elements required for pleading prevailing-party status are met and Count III contains sufficient factual allegations to put the Woods on fair notice that Northport is seeking reimbursement for attorney fees and costs (Dkt 122 at 7, 12-14). Northport opines that the Woods' conduct in obstructing the IEP was a "tentacle of their legal strategy underlying the filing of this hearing request, which was to harass, to cause unnecessary delay and to needlessly increase the costs of this litigation" (*id.* at 6). Northport reiterates that this Court should not engage in an inappropriate and premature merits-based analysis of the claims for attorney fees (*id.* at 14-17).

The Woods' arguments do not support dismissal. Again, the due process complaint filed on the Woods' behalf initiated the administrative proceedings and concomitantly unlocked the door for the party that prevailed in the administrative proceeding to seek attorney fees from the district court. The ALJ's findings and decision, including her assessment of the IEP process in this case, are relevant to demonstrating that the Woods' complaint was presented for an improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation. Treating as true all well-pleaded allegations in Count III of Northport's First Amended Complaint, and drawing all reasonable inferences from those allegations in favor of Northport, the Court determines that Northport has presented enough facts to state a plausible claim for attorney fees from the Woods under 20 U.S.C. § 1415(i)(3)(B)(*i*)(III). Therefore, the Woods are not entitled to dismissal of Count III against them.

      c.    *Attorney Fees and Costs from Brower under Subparagraph III (Sensabaugh)*

Last, in Count IV of the First Amended Complaint, Northport also seeks attorney fees and costs from Attorney Brower under § 1415(i)(3)(B)(*i*)(III), based on the conduct of Leo Sensabaugh. In Count IV, Northport indicates that Brower retained Sensabaugh as his paid legal assistant (Dkt 86, First Amend. Compl. ¶¶ 50, 52). Northport points out that Brower filed a motion to quash in the administrative proceedings below that invoked the attorney-client and attorney-work product privileges on behalf of Sensabaugh and his employment with The Law Office of John F. Brower, PLC (*id.* ¶¶ 51, 53).

Northport references the ALJ's finding that Sensabaugh, while working on Brower's behalf as the Woods' advocate, engaged in conduct at the November 16 and December 2, 2010 IEP meetings that was "unreasonable, reprehensible and obstructive" (Dkt 86, First Amend. Compl. ¶ 54). Northport also references the ALJ's finding that Sensabaugh "simply did not wish to give [Northport] an avenue for ending any potential liability for private placement" (*id.* ¶ 56). Northport alleges that

> 46.    Leo Sensabaugh, by obstructing the completion of the IEP, prevented the District from presenting a completed IEP to the ALJ. In doing so, Leo Sensabaugh actively sought to deny the District a defense to their allegation that the District should have completed an IEP. As a result, Leo Sensabaugh caused unnecessary delay in the hearing and needlessly increased the cost of litigation.
>
> 47.    As a result of the deliberate and reprehensible conduct engaged in by Leo Sensbaugh while working for John F. Brower, individually and in his official capacity with The Law Office of John F. Brower, PLC, the Northport Public School and the Northport Public School Board of Education are entitled to full reimbursement of their reasonable attorney's fees and costs. 20 U.S.C. § 1415(i)(3)(B)(III).

(*id.*)

Attorney Brower seeks dismissal of Count IV, arguing that Northport's allegations are based on conduct in an IEPT meeting that is not within the scope of § 1415(i)(3)(B)(*i*)(III) (Dkt 124 at 18-19). Notably, Brower does not challenge Northport's characterization of Sensabaugh's role or his potential liability for Sensabaugh's conduct. Brower instead argues that even if Northport's allegations about Sensabaugh's conduct during the IEPT meetings are afforded credence, and even if there were some basis to hold Brower vicariously liable for Sensabaugh's conduct, Northport fails to state a claim under § 1415(i)(3)(B)(III) because, under that statute, Northport must first show that the Woods' due process complaint was frivolous (*id.* at 19). Brower contends that it is well established that a complaint is not rendered frivolous merely because it is unsuccessful, and that the Woods' complaint was not frivolous as the Woods "prevailed on significant aspects" of their complaint (*id.* at 20). Specifically, Brower points to (1) that Northport was required to create a new IEP for the 2010-2011 school year; (2) that the IEP was dependent on residency; and (3) the ALJ's award of extensive program and placement including outside consulting services, special education teacher services, specialized autism training for staff and extensive related services (*id.*).

Northport responds that Attorney Brower erroneously attempts to sever the conduct of Sensabaugh and Gerald Woods at the IEP meetings from the due process hearing, despite the fact that the Woods' complaint "thrust the ability of the District to provide a free, appropriate public education via the IEP directly into their hearing request" (Dkt 126 at 14-15). Northport clarifies that an award of attorney fees could not be justified by Brower's or Sensabaugh's "anger" but may be justified by, "as detailed in the Amended Complaint and held by ALJ Harris, the improper purpose ... to harass, to cause unnecessary delay or to needlessly increase the cost of litigation by obstructing the IEP process" (*id.* at 18).

Brower's arguments for dismissal, which assume the truth of Northport's allegations about Sensabaugh's conduct and do not dispute the propriety of holding Brower vicariously liable for Sensabaugh's conduct, focus on the sufficiency of Northport's allegations about the Woods' complaint. These arguments do not support dismissal. Like Northport's allegations in Count III, Northport's allegations in Count IV, treated as true and with all reasonable inferences from those allegations drawn in favor of Northport, similarly demonstrate that the Woods' complaint was presented for an improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation. That the Woods "prevailed" on other portions of their purportedly ill-conceived complaint, even if true, does not necessitate a different conclusion or compel dismissal under FED. R. CIV. P. 12(b)(6). *See Sagan, supra; cf. Phelan v. Bell*, 8 F.3d 369, 373-74 (6th Cir. 1993) (rejecting the defendants' "selective focus" on one of the four issues decided by the ALJ and determining that the plaintiff was the "prevailing party" for purposes of awarding attorney fees). In short, Attorney Brower is also not entitled to dismissal of Count IV against him.

### III. CONCLUSION

For the foregoing reasons, the Court determines that Defendants Gerald and Patricia Woods' Motion to Dismiss (Dkt 119) and Attorney Brower's Motion to Dismiss (Dkt 123) are properly granted in part and denied in part. Specifically, Count I is dismissed, and Counts II through IV will proceed, barring the parties' ability to mutually agree upon an attorney fee and costs award without the necessity of another motion. An Order will be entered consistent with this Opinion.

Date: May 14, 2014                                  /s/ Janet T. Neff
                                                                                                JANET T. NEFF
                                                                                                United States District Judge